**Marilynne FINNEGAN, Plaintiff,**

v.

**MARIANJOY REHABILITATION HOSPITAL & CLINICS, INC., Defendant.**

**No. 04 C 3078.**

United States District Court, N.D. Illinois, Eastern Division.

May 3, 2004.

---

Marilynne Finnegan, Pro Se.

Brian P. Paul, Steven Jay Teplinsky, Michael, Best & Friedrich, Chicago, IL, for Defendant.

## MEMORANDUM ORDER

SHADUR, Senior District Judge.

Marianjoy Rehabilitation Hospital & Clinics, Inc. ("Marianjoy") has just filed a timely (though just barely so) Notice of Removal ("Notice") to bring this pro se action by Marilynne Finnegan ("Finnegan") from the Circuit Court of the Eighteenth Judicial Circuit, DuPage County to this District Court. This Court sua sponte remands the action to its place of origin for lack of subject matter jurisdiction.

To be sure, Notice ¶ 4 correctly reflects that Finnegan's "Unfair Employment Practices Complaint" adverts to the Americans with Disability Act ("ADA") in one of its three counts: Count II, which is captioned "Wrongful Termination" (Finnegan's other two counts are labeled "Wrongful Hire" and "Retaliatory Termination"). But it is painfully obvious from all of Finnegan's allegations and from the exhibits attached to her Complaint—and, just as significantly, from what is *not* said in the Complaint or exhibits at all—that she has never begun (let alone exhausted) the administrative remedies that must be pursued before such an employee may invoke court intervention to deal with such a claim (see 42 U.S.C. § 12117(a), which incorporates for ADA purposes the powers, remedies and procedures prescribed by Title VII for other claims of employment discrimination).

Because Count II so obviously carries its own death warrant as an ADA claim, it is no better than frivolous in the legal sense taught by *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).[1] Nearly six decades ago the Supreme Court identified such a flaw as one of the two exceptions to the normal principle that the facial invocation of federal jurisdiction compels the threshold exercise of such jurisdiction so that the viability of the claim may be tested on the merits—as *Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946) teaches:

> The previously carved out exceptions are that a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.

In this situation it is Marianjoy rather than Finnegan that has looked to a "wholly insubstantial and frivolous" claim as the attempted ticket of entry to the federal court system—but the consequence is the same: the absence of federal jurisdiction over such a claim. Because the only even colorably viable claims advanced by Finnegan are thus her state law claims,[2] "it appears that the district court lacks subject matter jurisdiction" (28 U.S.C.

---

**1.** Over and above what has already been said in the text, Count II ¶ 10 identifies the termination of Marianjoy's employment of Finnegan as having taken place fully six years ago, so that any claim by Finnegan would be totally stale for ADA purposes even if the administrative precondition to filing suit had been satisfied. Hence any attempted claim under ADA is doubly frivolous from a legal perspective.

**2.** This should not be misunderstood as expressing any substantive view on this Court's part as to whether such state law claims are tenable—that is something for the Circuit Court to determine on remand.

§ 1447(c)), so that the same statute calls for a remand to the place of origin.[3] This action is accordingly remanded to the Circuit Court, and pursuant to this District Court's LR 81.2(b) the District Court Clerk shall mail the certified copy of the remand order forthwith.

---

**3.** It is worth observing that the inevitable corollary to retaining this case here would have been a swift (and inevitably successful) motion by Marianjoy to reject any purported ADA claim. And that would of course trigger a remand to address the state law claims. What purpose would be served by thus adding a period of delay to reach the same destination?